## F. J. NACOL V. THE STATE.

No. 15702. Delivered May 17, 1933.
Reported in 60 S. W. (2d) 447.

The opinion states the case.

*Howth, Adams & Hart,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Receiving and concealing stolen property is the offense; penalty assessed at a fine of $500.00 and confinement in the county jail for 330 days.

The following is a summary of the state's evidence: On January 5, 1932, a 20-gauge Remington automatic shotgun was taken from the premises of Z. T. McGuire. The gun was later returned to McGuire by Parsley, a member of the Port Arthur police department. Suspicion pointed to Andrew Pete, a negro boy, whom the officers found standing in front of the place of business of the appellant Nacol. Parsley conferred with Nacol, and asked him if he had bought a shotgun from Pete, and received a negative answer. Nacol was given a description of the gun, and disclaimed having it in his possession. Nacol claimed that he did not know Pete. Officers learned that the gun and shells in question had been placed by Pete in the possession of Nacol on the day that Pete was observed near Nacol's place of business; that Pete at the time was waiting for Nacol to pay him two dollars for the gun. The gun was found in the possession of Nacol and recovered. It was fully identified as the stolen gun.

Pete testified that he had made arrangements with Nacol to sell him stolen property and that the gun was sold to Nacol in accord with such arrangement. Nacol had been informed that the gun was stolen.

Nacol testified that the gun was on his premises for the purpose of repair; that he was engaged in the business of repairing guns and pistols; that he received the gun from a man by the name of A. M. Smith, who was neither a negro nor a white man, but was between the two. Nacol also testified that he did not know the reasonable market value of such gun, but that he sold such guns for twenty-five dollars. According to his testimony, Nacol was under four indictments for receiving and concealing stolen property.

Isaac Moses testified that in his opinion the reasonable market value of a gun of the description mentioned would be about thirty-five or forty dollars.

McGuire, the owner of the gun, testified that it was practically new; that it was a 20-gauge Remington automatic shotgun; that the reasonable market value of such a gun was $54.75; that he bought the gun at Liberty, Texas. From his testimony we quote: "Of my own personal knewledge, I know what that gun could be bought for at that time and place; it could have been bought for $54.75. That is the market price."

McGuire also testified that two boxes of shells were taken which were not recovered; that the shells were worth about eighty cents a box.

Appellant made application for a continuance because of the absence of witnesses subpoenaed in his behalf, namely, Grady Alverson, C. J. Billiot, E. E. Simpson, and Val S. Dollis. The testimony expected to be proved by the witnesses Billiot and Simpson was not admissible. By the witness Dollis the appellant expected to prove that the witness was present when the gun alleged to belong to McGuire was brought to the appellant's place of business by a negro who gave his name as Smith and left it there for repairs, and that in fact the gun was not purchased. It is stated in the application that subpoena for the witnesses was attached to the application. We fail to find the subpoena, and are not made aware as to the date of the subpoena or process nor the disposition made thereof. In the absence of such information, the application does not comply with the law requiring the showing of diligence.

The contention that the market value of the gun was not proved is untenable. Appellant was not convicted of a felony but of a misdemeanor. By his own testimony and by that of his witnesses, it was shown that the market value of the property was from $25.00 to $35.00 or $40.00. From the state's testimony, it was shown that the gun was worth more than $54.00.

The complaint of the submission of the felony phase of the offense passed out of the case due to the verdict finding him guilty of a misdemeanor.

The instructions given to the jury touching the status of the witness, Andrew Pete, as an accomplice and the limitation upon their right to consider his testimony and the demand that the conviction could not be had upon it, we think was fully embraced within the court's charge.

The contention that the verdict does not support the conviction upon the ground that the jury did not find that the appellant was guilty of receiving and concealing stolen property is not regarded as tenable. A like subject has heretofore been discussed. See Smith and Wright v. State, 113 Texas Crim.

Rep., 124, and precedents cited, including Gault v. State, 269 S. W., 92.

All of the bills of exception and complaints of the charge of the court have been examined and considered. None of them are regarded as presenting complaints of matters which are harmful to the accused or in conflict with the legal principles controlling the appeal.

The judgment is affirmed.

*Affirmed.*